

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2007

# Kaur v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4256

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kaur v. Atty Gen USA" (2007). *2007 Decisions.* Paper 426.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/426

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4256

JASPAL KAUR,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70-908-120
(U.S. Immigration Judge: Honorable Rosalind K. Malloy)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 12, 2007
Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed: September 17, 2007)

OPINION OF THE COURT

PER CURIAM.

Jaspal Kaur petitions for review of an order of the Board of Immigration Appeals

(BIA) denying her application for asylum, withholding of removal and protection under

the Convention Against Torture. We will deny the petition.

The Attorney General has discretion to grant asylum to an alien who is found to be a refugee. 8 U.S.C. § 1158(b)(1). An asylum applicant bears the burden of establishing that she is a refugee by demonstrating that she is unable or unwilling to return to her home country or is unable or unwilling to avail herself of the protection of her home country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001). If the applicant demonstrates past persecution, she creates a rebuttable presumption that she also has a well-founded fear of future persecution. 8 C.F.R. § 208. 13(b)(1). Where the BIA issues a decision on the merits, we review the BIA's decision, and not the IJ's. Lie v. Ashcroft, 396 F.3d 530, 534 n.3 (3d Cir. 2005). We review whether the BIA's decision was supported by substantial evidence. Kayembe v. Ashcroft, 334 F. 3d 231, 234-35 (3d Cir. 2003).

Kaur is a Sikh and was or is a member of the All-India Sikh Students Federation ("AISSF"), a group that supported the creation of Khalistan as a separate Sikh state. A.R. 201.[1] Kaur testified that because of her political involvement, she was twice arrested and mistreated. The first incident occurred in Hosiarpur in 1990 when Kaur was protesting

---

[1] The BIA noted that the IJ had not expressly made a credibility finding, and thus assumed that Kaur was credible. A.R. 3. We similarly assume Kaur's credibility. Cf. Kayembe, 334 F.3d at 234-35 (court assumes credibility where BIA has not made a credibility finding).

2

the fact that Simranjit Singh Mann was not allowed to take his seat in the Indian parliament. A.R. 205-06. Kaur was arrested and detained for two days, during which time she was beaten and sexually molested. A.R. 212-15. After she was released, Kaur continued to work for the AISSF. Her family eventually determined that she should leave the Punjab region, and she moved to Calcutta in February 1992. On February 29, 1992, she was giving a speech at a gurdwara (Sikh temple), asking the audience to support an independent Khalistan. She was arrested, slapped, and deprived of food for almost a day. A.R. 222. Her uncle paid a bond for her release. Id. After her release, her family decided that she should leave the country. Id. She fears returning to India, because the Congress party, a party opposed to creation of a Sikh homeland, governs the country. A.R. 223.

The BIA determined that Kaur had established past persecution, but found that "the evidence of record demonstrates that country conditions have changed to such an extent that the respondent no longer has a 'well-founded fear' of persecution if returned to her native country." A.R. 3. In particular, the BIA noted that "the insurgency/counterinsurgency in Punjab has ended." The BIA noted that the current prime minister in India was a Sikh, and that the Indian government had taken steps to hold accountable police and security officials who engaged in serious human rights abuses. Id. The BIA acknowledged that Sikhs who had been identified as high-level

3

militants might still be detained or questioned by police, but noted that there was no evidence that Kaur fell into this category.  Id.; see also A.R. 505-09 .

We find that substantial evidence in the record supports the BIA's holding that the Government rebutted the presumption of future persecution.  We further agree that because Kaur did not meet the standard for asylum, she failed to meet the higher standard for statutory withholding of removal.  We also uphold the finding that the record did not support a conclusion that Kaur would likely to be tortured upon her return to India.

For the foregoing reasons, we will deny the petition for review.